## GULF REFINING CO. v. PAGACH BROS.

(Court of Civil Appeals of Texas. Austin. April 10, 1912.)

1. APPEAL AND ERROR (§ 747*)—REVIEW—NECESSITY OF CROSS-ASSIGNMENTS.

A court, on appeal from a judgment for defendant, in an action for the rental value of an oil car, will not consider matters arising in a cross-action, in which the judgment was for the plaintiff, where no cross-assignments of error were presented.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3053–3057; Dec. Dig. § 747.*]

2. DAMAGES (§ 184*)—EVIDENCE.

In an action for the rental value of a car, alleged to have been unreasonably detained, evidence *held* to show that the detention was unreasonable, and that a recovery of $136.97 was proper.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 502; Dec. Dig. § 184.*]

3. CONTRACTS (§ 303*)—INJURY IN CONTRACTUAL RELATION — UNREASONABLE DELAY — EXCUSE.

In an action for unreasonable delay in unloading an oil car, failure of a third person to furnish defendants a storage tank contracted for could not be relied on to excuse liability for the delay.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. § 303.*]

4. APPEAL AND ERROR (§ 1153*)—DETERMINATION AND DISPOSITION—NECESSITY OF DECISION.

Where a cause appeared to have been fully developed below, and the undisputed evidence showed that the plaintiff was entitled to recover the amount sued for, it is the duty of the court on appeal to finally dispose of it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. § 1153.*]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by the Gulf Refining Company against Pagach Bros. From a judgment for defendants, and for plaintiff on a cross-action, plaintiff appeals. Affirmed in part, and in part reversed and rendered.

D. Edward Greer and A. F. Jatho, both of Beaumont, and Monteith & Monteith and James Boyd, all of Belton, for appellant.

KEY, C. J. This suit originated in a justice of the peace court, but was appealed to and finally tried by the county court. The plaintiff sought to recover $136.97, the rental value of a certain car, alleged to have been unreasonably detained by appellees.

[1] The defendants filed a cross-action, the substance of which it is unnecessary to state, as judgment was rendered against them thereon, and they have presented no cross-assignments of error. There was a jury trial, which resulted in favor of the defendants as to the cause of action asserted by the plaintiff, and for the plaintiff as to the defendants' cross-action, and the plaintiff has appealed.

[2] The undisputed testimony shows that the plaintiff and the defendants entered into a written contract, by the terms of which the plaintiff sold to the defendants a car load of oil, which was shipped by the plaintiff from Houston, Tex., to the defendants at Burlington, Tex., in a car which belonged to the plaintiff. The shipment was in accordance with the contract and agreement between the parties; and it was the duty of

the defendants, within a reasonable time, to unload the car, so that it could be returned to the plaintiff. This the defendants failed to do, and kept the car standing on the railroad track at Burlington, Tex., from about the last of July, 1907, until about the middle of January, 1908, or about 168 days. The plaintiff only sought to recover for the use of the car for 137 days, which allowed 31 days as a reasonable time to unload and return it. But two witnesses testified as to the value of the use of the car, and they both placed such value at not less than $1 per day.

[3] One of the defendants was a witness, but gave no testimony concerning the value of the use of the car; and the only excuse he gave for not unloading and returning it sooner was the fact that a third person, with whom the defendants had contracted to furnish them a storage tank in which to place the oil, failed to comply with his contract, and therefore the defendants had no place to put the oil.

[4] The facts, established by that testimony constituted no defense to the plaintiff's suit, and as the undisputed evidence shows that the plaintiff was entitled to recover the amount sued for, and as the case appears to have been fully developed, we think it is the duty of this court to finally dispose of it.

Therefore the judgment of the court below in favor of appellant upon appellees' cross-action is affirmed, but the judgment against appellant upon its cause of action against appellees is reversed, and judgment is here rendered for appellant against appellees for $136.97, and all costs of suit.

Affirmed in part, and in part reversed and rendered.